LUIS F. SILVA RECIO, ACTING SECRETARY OF LABOR OF THE COMMONWEALTH OF PUERTO RICO, Plaintiff and Appellant, *v.* ÁNGEL FÉLIX RÍOS, Defendant and Appellee.

No. R-68-329.     Decided January 7, 1971.

524

*Juan A. Arill Miranda, Lydia A. Torres González,* and *Eunice Sein Cinque* for appellant. *Heriberto Torres Vázquez* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Secretary of Labor determined that under the provisions of the Employment Security Act, Act No. 74 of June 21, 1956, as amended (29 L.P.R.A. § 701), the business of appellee Ángel Félix Ríos was an employment unit and as such an employer subject to the payment of the tax imposed by said Act. Said employer having failed to pay the tax imposed on him, at the request of the Secretary of Labor, judgment was entered by the Clerk of the Superior Court, San Juan Part, ordering the employer to pay to the Secretary of Labor the amount of $290.86. Having been notified of this judgment, the employer filed a motion in the Superior Court, San

Juan Part, attacking its validity on the following grounds: (a) defendant is not an employer pursuant to subsection (i) of § 702 of Title 29 L.P.R.A.; (b) the persons on whose behalf the Secretary of Labor brings his action are not defendant's employees pursuant to subsection (k) of § 702 of the same title; (c) because it has not been determined whether the business constitutes an employment unit pursuant to the Employment Security Act; (d) because if the Secretary of Labor, through his agents and employees has made such determination, he has done it in an arbitrary and unlawful manner, treacherously and in gross violation of the due process of law; and (e) because defendant has not been notified of such determination.

The Secretary of Labor objected to this motion in writing and after a hearing was held at which only the defendant appeared, the Superior Court entered an order in which it "decides that as a question of fact and of law, the Secretary of Labor of the Commonwealth of Puerto Rico has not determined, as provided by the Act, that defendant is an employment unit pursuant to the provisions of the Employment Security Act."

We agreed to review that order, which for all legal effects, is equivalent to a judgment annulling and setting aside the judgment entered by the clerk of said court.

■ The Puerto Rico Employment Security Act (29 L.P.R.A. § 701) imposes a contribution on every employment unit which is an employer according to the terms of said Act. For the determinations concerning employment units subject to payment of the contribution, an administrative proceeding is established by which the employment unit as well as the employees are given opportunity to raise any question as to the legal status of the employment unit involved. From the determination made by the Director of the Employment Security Bureau appeal may be taken to the Secretary of Labor of the Commonwealth, and against the decision of the

latter the right to judicial review is granted. Said proceeding, as we shall see, complies with the requirements of the due process of law. In its subsections (a) and (b) § 707 provides:

"§ 707. Determinations on employment units

"(a) *Determinations and reconsiderations.*— (1) The Director shall, on the basis of his findings of fact, either motu proprio or on request of any employment unit or of one or more of the employees thereof, determine whether the employing unit is an employer and whether service performed for it constitutes employment. The determination shall be made within five years after occurrence of the facts originating it.

"(2) Within one year after he has made a determination under paragraph (1) of subsection (a) of this section, the Director may, motu proprio, reconsider his determination in the light of further evidence, and make a redetermination.

"(3) A notice of the Director's determination made under paragraph (1) or (2) of subsection (a) of this section, which shall include a statement of the supporting facts found by the Director, shall be mailed or otherwise delivered to the last known address of the corresponding employing unit and of the applicant employee or employees.

"(4) Within fifteen (15) days after a notice of a determination made under paragraph (1) or (2) of subsection (a) of this section was mailed or otherwise delivered to the last known address of an employing unit and of the applicant employee or employees, the employing unit or any of the employees thereof may apply to the Director to reconsider his determination in the light of additional evidence and to issue a redetermination. The Director shall, if the request is granted, mail or otherwise deliver to the last known address of the corresponding employing unit or of the applicant employee or employees a notice of the redetermination, which shall include a statement of the supporting facts found by the Director; if the request is denied, he shall furnish a notice of the denial of the application.

"(5) Within fifteen (15) days after a notice of a determination made under paragraph (1), (2), or (4) of subsection (a) of this section or a denial of the application under paragraph (4) of subsection (a) of this section was mailed or otherwise delivered to the last known address of an employing unit or

of the applicant employee or employees said employing unit or applicant employee or employees may appeal from the determination to the Secretary. The Secretary shall afford the parties a reasonable opportunity for a fair hearing as provided in the case of hearings before referees in section 706 of this title. The Secretary's decision shall be final unless, within ten (10) days after the decision was mailed or otherwise delivered to the last known address of a party, that party initiates judicial review proceedings in accordance with section 706 (i) of this title. When appellant is the employing unit, the court may require of it the filing of a bond to guarantee the payment of any taxes and interest that such court may finally determine are due by appellant.

"(b) *Conclusiveness of determination.*—A determination of the status of an employing unit by the Director under subsection (a) of this section, in the absence of appeal therefrom, and a final determination of the Secretary upon an appeal, together with the record of the proceeding, shall be admissible in any subsequent proceeding under this chapter. If supported by substantial evidence and in the absence of fraud, the determination shall be conclusive, except as to errors of law, upon any employing unit which was a party to such proceeding." (29 L.P.R.A. § 707, pp. 88–89.)

The Employment Security Bureau performed an investigation of the taxi business operated by defendant, having found that as of April 10, 1967, he had utilized the services of 4 or more employees. On June 11, 1968, notice was served on defendant-appellee informing him that he was considered as an employer subject to the payment of the contribution imposed by the Employment Security Act. He was also informed of his account number and of the fact that he had to file reports concerning taxes and wages paid. This notice also specified that pursuant to § 7 (a), subdivisions 4 and 5 of the Employment Security Act, defendant was entitled to request a review and redetermination of his case or to appeal, within 15 days after the date of said notice, to the Secretary of Labor from the determination as to whether he was an employer under the Act.

Defendant did not resort to the right which § 7(a), subdivisions 4 and 5 of the Act granted him nor did he file reports concerning taxes and wages paid.

On the basis of the Contribution Returns prepared during the investigation, on June 18, 1968, defendant-appellee was sent a Notice of Delinquency No. 20667 where the contributions due and the corresponding interest were set forth in detail. Said notice contained the following note:

### "*Right to Appeal*

"If you are not in agreement with this notice, you are entitled to appeal before the Superior Court within fifteen (15) days as of the mailing date of the same. After this term we shall proceed to the collection in accordance with the judicial proceedings authorized by law."

Defendant did not exercise said right to appeal either, nor did he pay the contributions due and the corresponding interest.

Section 9(e), (1), (2), and (3) of the Employment Security Act (29 L.P.R.A. § 709) provides:

"(e) *Assessment.*—(1) If any employer files reports for the purpose of determining the amount of contributions due but fails to pay any part of the contributions or interest due thereon, or fails to file such reports when due, or files an incorrect or insufficient report, the Secretary may assess the contributions due on the basis of the information submitted by the employer, or on the basis of an estimate as to the amount due and shall give written notice of such assessment to such employer. Within fifteen (15) days after such notice was mailed to the employer's last known address, or otherwise delivered to him, the employer may appeal to the part of the Superior Court for the jurisdiction in which the employer has his principal place of business.

"(2) If the Secretary determines that the collection of any contributions or interest under the provisions of this chapter will be jeopardized by delay, he may, regardless of whether or not the time prescribed by this chapter or any regulations issued hereunder for making reports and paying such contribu-

tions has expired, immediately assess such contributions, together with interest, and shall give written notice of such assessment to the employer. In such cases the right of appeal to the Superior Court shall be conditioned upon payment of the contributions and interest so assessed or upon giving appropriate security to the Secretary of the Treasury for the payment thereof.

"(3) If an employer fails to pay the amount assessed pursuant to this section, the Secretary may file in the part of the Superior Court of the jurisdiction wherein the employer has his principal place of business, a certificate under his official seal, stating the name of the employer, his address, the amount of the contributions and interest assessed and in default and the amount of any penalties imposed and shall file a copy of said certificate in the part of the Superior Court of any jurisdiction in which said employer has personal or real property; and the clerks of the respective parts shall enter upon the judgment docket of the court, through act, the name of the employer mentioned in the certificate, the amount of such contributions, interest or penalties assessed and in default, and the date such certificate is filed. When such judgment act shall have been duly recorded the amount of the assessment shall constitute a lien upon the entire interest of the employer, legal or equitable, in any property, real or personal, tangible or intangible, located in the jurisdiction where the certificate or a copy thereof was filed. To determine the priority of the lien so constituted, the same priority sequence provided in subsection (c) of this section shall be followed: No lien for contribution, interest or penalties shall be valid against one who acquires personal property by purchase from the employer in the usual course of his business, in good faith and without having legal notice of such lien. Such lien may be enforced by the marshals of the Superior Court or, upon notice to said court, by any officer or employee of the Bureau of Employment Security that the Director thereof may designate, against any real or personal property, in the same manner as a judgment of the Superior Court duly registered; Provided, That in the execution of said lien the officer or employee designated shall have the same powers and faculties conferred by law upon the marshals of the Superior Court, including the power to enforce writs of attachments and execution of judgments, by attaching and selling real and personal property of the judgment debtors, announcing auctions, serving the notices, and executing

the deeds of conveyance, acts, certificates of return, and other documents pertinent to these proceedings, and carrying out any other activity of those carried out by the marshals of the Superior Court in cases of this nature. Provided, further, that any attachment of properties or execution of judgment may be made with or without seizing said property, it being sufficient therefor to notify the debtor about the property attached giving him a written list thereof and informing him that he shall not use, encumber, alienate, alter, remove or otherwise dispose of said property, until the court shall order otherwise; and any such use, encumbrance, alienation, alteration, removal or other disposition of said property, in the absence of a judicial order permitting same, shall be considered as absolutely null and void. In addition to any other penalty provided by section 714 of this title, any employer who disobeys this provision may be punished for contempt." (29 L.P.R.A. § 709, pp. 98–100.)

Relying on the foregoing provisions of the Act and conforming to the proceedings established in the same the Secretary of Labor obtained judicial judgment against defendant-appellee.

In the absence of fraud, the defendant having had all the opportunities granted by law within the administrative proceedings, including the judicial review to challenge the findings of fact and conclusions of law of the Secretary of Labor, without having done it, reason why said findings became final and unappealable, the judgment entered by the Clerk of the Superior Court is protected against the attack which, in the manner and on the grounds stated, was made by defendant.

■ ■ Defendant was bound to exhaust the administrative remedies established by law. In the proceeding followed by the Secretary of Labor, defendant could and should have posed all the questions of fact and of law, which he raised before the Superior Court when he challenged the judgment entered by the Clerk of said court. The administrative

remedy was not inadequate, [1] and the matter involved was not one strictly of law.[2] The administrative agency could have granted defendant the adequate remedy,[3] which was not fanciful,[4] nor did the Secretary of Labor act without jurisdiction or in excess of his powers or legal attributes,[5] for which reason it was imperative for defendant to avail himself of said proceeding, before resorting to a judicial action to attack the actions and determinations of the Secretary of Labor because that is, in essence, the import of the motion he filed in the Superior Court requesting the nullity of the judgment entered by the Clerk of the court. See *Commonwealth* v. *12,974.78 Square Meters*, 90 P.R.R. 494 (1964).

For the reasons aforestated, the order entered by the Superior Court, San Juan Part, on October 17, 1968, is reversed and set aside, and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.

---

[1] *Greene* v. *United States*, 376 U.S. 149.

[2] *N.L.R.B.* v. *Shipbuilding Local 22*, 391 U.S. 418.

[3] *Kroeger* v. *Stahl*, 148 F.Supp. 403.

[4] *Kotlarich* v. *Ramsey*, 144 A.2d 279; *Levitt & Sons, Inc.* v. *State Div. Against Discrim., Etc.*, 158 A.2d 177; *Marranca* v. *Harbo*, 197 A.2d 865.

[5] Davis, *Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review, and Primary Jurisdiction*, 28 Tex. L. Rev. 168; 3 Davis, Administrative Law Treatise, § 20.01 *et seq.*; Jaffe, Judicial Control of Administrative Action 424 *et seq.*